IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CTC, INC., | ) |
|     Plaintiff, | ) ) ) |
| -vs- | ) )   Case No. CIV-20-1235-F |
| SCHNEIDER NATIONAL INC and SCHNEIDER NATIONAL CARRIERS, INC., | ) ) ) ) ) |
|     Defendants. | ) |

## ORDER

The court has a duty to inquire into its own jurisdiction. Tuck v. United Services Automobile Association, 859 F.2d 842 (10th Cir. 1988).

The complaint purports to base this court's subject matter jurisdiction on diversity of citizenship. The citizenship of a corporation is determined by the state in which the corporation was incorporated, and the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). Both must be alleged.

1. The complaint alleges that plaintiff is "an Oklahoma corporation domiciled in the State of Oklahoma with its principal place of business in Oklahoma County." Doc. no. 1, ¶ 1. This allegation does not identify plaintiff's state of incorporation. While the allegation regarding domicile is likely intended to cover that point, it is unclear and insufficient.[1] Plaintiff must allege its state of incorporation.

---

[1] Daimler AG v. Bauman, 571 U.S. 117, 137 (2014), for an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, at which the corporation is regarded as at home, specifically, the place of incorporation and

2. The complaint alleges that the defendant, in the singular, is a foreign corporation with its principal place of business in Wisconsin. *Id.* at ¶ 2. There are two corporate defendants, and this allegation does not indicate which defendant is referenced. In addition, the allegation that a defendant is a "foreign corporation" is not sufficient; plaintiff must allege the specific state in which a defendant is incorporated. *See*, Simmons v. Rosenberg, 572 F. Supp. 823 (E.D. N.Y., 1983) (merely averring that a party is a citizen of a state "other than" a named state is clearly insufficient to establish diversity jurisdiction; diversity must be alleged with detail and with certainty). Plaintiff must allege the state in which each defendant is incorporated, and the state in which each defendant has its principal place of business.

Plaintiff, as the party invoking this court's jurisdiction, is **DIRECTED** to file a First Amended Complaint which provides the missing jurisdictional information identified in this order. The First Amended Complaint is **DUE** within fourteen days of the date of this order. Failure to comply may result in dismissal of this action, without prejudice.

IT IS SO ORDERED this 10th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1235p001.docx

---

the principal place of business; Strange v. TCN, Incorporated, 2019 WL 8128564, *1 (D. Utah June 6, 2019) ("A corporation's domicile for purposes of this analysis is the place where it is incorporated or its principal place of business.").