# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CTC, INC., | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-20-1235-F |
| SCHNEIDER NATIONAL INC. and SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| Defendants. | ) |

## ORDER

Defendant Schneider National Carriers, Inc. moves for dismissal from this action under Rule 12(b)(6), Fed. R. Civ. P. Doc. no. 16. Plaintiff CTC, Inc. has responded, objecting to dismissal. Doc. no. 17. Schneider National Carriers has filed a reply brief. Doc. no. 19.

### I. Summary of the Second Amended Complaint

Plaintiff is CTC, Inc. The only remaining defendant is Schneider National Carriers, Inc.[1]

The Second Amended Complaint (doc. no. 7, hereafter "the complaint") alleges that defendant's driver lost control of the tractor-trailer he was driving and collided with plaintiff's tractor-trailer which had become disabled and was legally parked on the shoulder of the interstate. *Id*. at ¶¶ 7-8. The complaint alleges "Defendants' driver was at all times an employee and/or agent of Defendants and

---

[1] The other defendant, Schneider National, Inc., was dismissed by plaintiff on April 16, 2021. Doc. no. 15.

Defendants are responsible for the actions and negligence of its driver pursuant to the doctrine of respondeat superior and agency law." *Id.* at ¶ 12.  The complaint further alleges that "Defendants were negligent in the training, retention and supervision of its driver and was [sic] negligent per se" (*id.* at ¶ 13), and that "The doctrine of res ispa [sic] loquitur is applicable, as the event was caused by the negligence of Defendants' driver…." *Id.* at ¶ 14.  The complaint seeks damages in excess of $75,000.  *Id.* at ¶ 15.

## II.  Discussion

Defendant argues the complaint fails to state a claim for relief against it.

### A.  Respondeat Superior

Defendant contends no facts are alleged to support liability based on the doctrine of respondeat superior, a vicarious theory of negligence which makes defendant liable for the negligence of its driver if negligence on the part of the driver is established.  Defendant acknowledges the complaint alleges defendant's driver was an employee or agent of defendant.  Defendant argues, however, that nothing in the complaint alleges or shows that defendant's driver was acting within the scope of his employment when the accident occurred.

The court rejects this argument for dismissal.  The complaint plausibly alleges that defendant's driver, at the time of the accident, was acting within the scope of his employment, and no facts are alleged which suggest otherwise.  For example, the complaint repeatedly refers to the driver who caused the accident as "Defendants' driver."  The complaint alleges that defendant's driver "was at all times" an employee or agent of defendant and that this status makes defendant responsible for its driver's actions pursuant to doctrine of respondeat superior.  And the complaint makes clear the accident occurred while defendant's driver was driving a trailer-tractor on an interstate highway.

Defendant's argument on this issue is one small step short of frivolous. The court easily concludes the complaint plausibly alleges a claim against the defendant based on the doctrine of respondeat superior.

### B. Negligent Training, Retention and Supervision

Defendant has stipulated that: "For purposes of this matter, SNCI admits *respondeat superior* liability for any proven negligence of its employee in relation to the accident." Doc. no. 16, p. 8, n.1. In other words, defendant has stipulated that if its employee is proven to have been negligent, defendant will then be vicariously liable for that negligence pursuant to the doctrine of respondeat superior.

This stipulation renders the other theories of liability referred to in the complaint—negligent training, retention and supervision—unnecessary. As stated in Jordan v. Cates, 935 P.2d 289 (Okla. 1997), "Our holding today [that the theory of negligent hiring and retention is not available] is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous." *Id*. at 293 (emphasis added). The Oklahoma Supreme Court stepped back from this fairly all-inclusive language when it held, in Fox v. Mize, 428 P.3d 314, 319 (Okla. 2018), that negligent entrustment claims are not precluded.² But Fox is largely irrelevant to the issues in this action because a negligent entrustment claim is not alleged.³

---

² This was not a surprise. *See*, Gordon v. St. James Transports, LLC, 2017 WL 10378130, *9 (W.D. Okla. Oct. 24, 2017) (Friot: "This court concludes that when the next opportunity arises, the Oklahoma Supreme Court will hold that, at least as applied to trucking companies and their drivers, an admission of vicarious liability will not preclude a negligent entrustment theory of recovery.").

³ Although Fox suggests the Oklahoma Supreme Court might back further away from Jordan, so far the Court has not done so. Numerous judges in this district have distinguished negligent entrustment claims (as claims which, under Fox, are no longer precluded by Jordan) from claims

In short, the negligent training, retention and supervision claims are precluded. Defendant is entitled to dismissal from these claims, and its motion will be granted to that extent.

### C.  Negligence Per Se and Res Ipsa Loquitur

The motion also seeks dismissal of claims based on negligence per se and res ipsa loquitur.

Negligence per se applies when courts adopt a statutory or regulatory standard as the standard which would be expected of a reasonably prudent person. Mansfield v. Circle K Corp., 877 P.2d 1130, 1132-33 (Okla. 1994). When courts do so, the violation of the statute or regulation is then said to be negligence per se. *Id*. Thus, unlike claims of negligent hiring or retention or supervision, negligence per se does not go to the question of who, besides the driver, may be held liable for a breach of the duty of care; rather, negligence per se goes to the standard of care. Accordingly, the court rejects defendant's argument that claims based on negligence per se should be dismissed under the rule announced in Jordan. In addition, defendant argues claims based on negligence per se should be dismissed because the complaint does not identify a statute or ordinance which was violated. Discovery may shed light on which if any statutes or regulations may be in play with respect to the alleged accident. It would be premature to dismiss any claims based on negligence per se, and the court declines to do so.

Res ipsa loquitur is a doctrine which permits the jury to infer negligence in appropriate situations. Creswell v. Temple Milling Co., 499 P.2d 421, 424 (Okla. 1972). It is a rule of evidence, not a rule of pleading. *Id*. Thus, there are no "claims"

---

for negligent hiring and supervision, etc., which remain precluded. *See*, *e.g.*, Sykes v. Bergerhouse, 2021 WL 966036 (W.D. Okla. Mar. 15, 2021) (Goodwin); Njuguna v. C.R. England, Inc., 2020 WL 6151567 (W.D. Okla. Oct. 20, 2020) (Russell); Sinclair v. Hembree & Hodgson Construction, LLC, 2020 WL 3965010 (W.D. Okla. July 13, 2020) (DeGiusti); Annese v. U.S. Xpress, Inc., 2019 WL 1246207 (W.D. Okla. Mar. 18, 2019) (Cauthron).

of res ipsa loquitur which would be subject to dismissal. Defendant's motion recognizes that res ipsa loquitur is a doctrine rather than a claim. Nevertheless, defendant asks the court to determine that this doctrine cannot be employed in this case. A ruling on this issue would be premature, and this aspect of the motion will be denied.

### III. Conclusion

Defendant Schneider National Carriers, Inc.'s motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that this defendant is **DISMISSED** from the negligent training, retention and supervision claims alleged in the complaint. These claims fail as a matter of law and are dismissed under Rule 12(b)(6), Fed. R. Civ. P. In all other respects the motion is **DENIED**.

The issue which remains for trial is that of the driver's negligence. If such negligence is established, defendant will be liable for such negligence based on defendant's stipulation.

IT IS SO ORDERED this 4th day of June, 2021.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1235p006.docx