# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CTC, INC., | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-20-1235-F |
| | ) |
| SCHNEIDER NATIONAL INC.[1] and | ) |
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC., | ) |
| | ) |
|   Defendants. | ) |

## ORDER

Plaintiff CTC, Inc. has moved for partial summary judgment under Rule 56(a), Fed. R. Civ. P. Doc. no. 35. Defendant, Schneider National Carriers, Inc., has responded, opposing entry of partial summary judgment. Doc. no. 40. Defendant has also moved for summary judgment under Rule 56(a) with respect to plaintiff's claims against it. Doc. no. 36. Plaintiff has responded, opposing entry of summary judgment in favor of defendant. Doc. no. 39.

### I.

### *Introduction*

Plaintiff brings this negligence action against defendant to recover damages arising from a vehicular collision. Plaintiff claims defendant's employee lost control of the tractor-trailer he was driving and collided with plaintiff's tractor-trailer which had become disabled and was legally parked on the shoulder of the interstate.

---

[1] Defendant Schneider National Inc. was previously dismissed from this action by plaintiff. Doc. no. 15.

Plaintiff alleges negligence and negligence *per se* theories of liability against defendant.[2] It seeks entry of partial summary judgment on the issue of liability for its claims, leaving the issue of damages for trial. Defendant seeks summary judgment as to plaintiff's claims on two grounds – lack of standing to recover property damages and failure to identify statutes/ordinances allegedly violated by its driver for the negligence *per se* claim.

## II.

### *Standard of Review*

Rule 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Rule 56(a), Fed. R. Civ. P. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. In applying this standard, the court views the factual record and draws all reasonable inferences most favorably to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). An issue is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *Id*. "'If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial.'" Miller ex rel. S.M. v. Board of Educ. of Albuquerque Public Schools,

---

[2] Defendant has admitted *respondeat superior* liability for any proven negligence of its employee in relation to the subject accident. Doc. no. 16, ECF p. 8, n. 1.

565 F.3d 1232, 1246 (10th Cir. 2009) (quoting Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)).

### III.

### *Plaintiff's Motion*

"A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state." Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994) (citation omitted). Here, the forum state is Oklahoma, which in tort cases, such as this, requires application of the law of the state with the most significant relationship to the occurrence and to the parties. *Id.* It appears from the record, and the parties do not challenge, that Oklahoma is the state with the most significant relationship to the occurrence and the parties. The court therefore applies Oklahoma substantive law with respect to plaintiff's negligence claims.

Under Oklahoma law, "[t]he elements of negligence are (1) the existence of a duty on the part of a defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting from the violation." Dirickson v. Mings, 910 P.2d 1015, 1018 (Okla. 1996) (citation omitted). "Concerning duty of care, a driver of a motor vehicle must, at all times, use that degree of care which is reasonable and prudent under the circumstances." *Id.* (citation omitted). "Therefore, a failure to exercise that degree of care which results in injury to another is actionable negligence." *Id.*

Upon review, the court concludes that plaintiff, who bears the burden of persuasion at trial, has failed to come forward with sufficient evidence that defendant's employee violated the duty of care. In its briefing, plaintiff alleges the subject collision occurred because defendant's employee fell asleep. Plaintiff, however, presents no evidence to support that allegation. With its motion, plaintiff has submitted the Oklahoma Highway Patrol's "Official Oklahoma Traffic Collision Report." Doc. no. 35-2. Assuming, without deciding, the report may be relied upon

3

for purposes of summary judgment,[3] the report only indicates that defendant's tractor-trailer departed the roadway, but no reason is given for the departure. The "Unsafe/Unlawful Contributing Factors" are "Other/Unknown." Id. Plaintiff also submits, in support of its motion, the declaration of its vice-president, but that declaration does not establish defendant's employee violated the duty of care.[4] Further, the "2018 Annual Average Daily Traffic Oklahoma Highway System Garvin County" does not establish that defendant's employee violated the duty of care. Because plaintiff has not come forward with sufficient evidence to establish one of the essential elements of its negligence claim,[5] the court concludes that partial summary judgment is not appropriate.

Plaintiff additionally asserts a negligence *per se* claim against defendant. "If a statute delineates the defendant's obligations, a court may adopt the required conduct in place of the common-law duty as the appropriate basis for establishing civil liability." Burgin v. Leach, 320 P.3d 33, 38-39 (Okla. Civ. App. 2014) (citing Mansfield v. Circle K Corporation, 877 P.2d 1130, 1132 (Okla. 1994)). "When courts accept a statutory requirement as the legal duty for actionable negligence, the violation of that statute is said to be negligence *per se*." Id. "To establish negligence *per se* on the basis of a statutory violation [the plaintiff] must establish that: [(1)] the injury was caused by the violation; [(2)] the injury was of a type intended to be prevented by the statute; and [(3)] the injured party was of the class meant to be

---

[3] Defendant objects to plaintiff's reliance upon the report for summary judgment purposes.

[4] Defendant objects to the declaration because the information provided is not based upon personal knowledge of the vice-president but rather received from other sources. The court need not address defendant's objection as the declaration, as stated, is insufficient to establish defendant's employee violated the duty of care.

[5] Although pled in its Second Amended Complaint, plaintiff, in its motion, has not invoked the application of *res ipsa loquitor*. In any event, plaintiff has not presented sufficient evidence of each of the foundation facts for its application. Harder v. F.C. Clinton, Inc., 948 P.2d 298, 303 n. 12 (Okla. 1997).

4

protected by the statute." Mansfield, 877 P.2d at 1132-33. Plaintiff's motion does not address any of the elements for establishing a negligence *per se* claim. Consequently, the court concludes that partial summary judgment is not appropriate on the negligence *per se* claim.

For the reasons stated, the court concludes that plaintiff's motion for partial summary judgment on the issue of liability for its negligence claims should be denied.

IV.

*Defendant's Motion*

Initially, defendant seeks summary judgment with respect to plaintiff's negligence claims on the ground that plaintiff lacks standing to pursue recovery of property damages. Defendant asserts that plaintiff did not own the tractor-trailer. In support of its assertion, defendant submits certificates of title for the tractor and the trailer, showing the owner as Southwestern Express, Inc. Because another entity is the titled owner of the subject tractor-trailer, defendant contends that plaintiff has no standing to recover property damages, including the cost of repairs or replacement of the tractor-trailer, and the loss of use related to the tractor-trailer.

Plaintiff, in response, submits a declaration of its accounting/leasing manager who states the tractor and trailer were operating under the authority of plaintiff and were insured by plaintiff's carrier, Great West Casualty Company. The driver of the tractor-trailer was "leased on" to plaintiff, and he was also lease purchasing the tractor-trailer from Southwestern Express, Inc. Doc. no. 39-1, ¶ 5. The manager states that plaintiff was contractually obligated to maintain insurance coverage on the equipment and has authority to settle all claims associated with the loss. She also states that plaintiff and Southwestern Express, Inc. are sister companies.

Viewing the factual record in a light most favorable to plaintiff, the court finds that summary judgment is not appropriate on the issue of standing as to the recovery

of property damages to the tractor and trailer. In addition, the court notes that plaintiff's Second Amended Complaint is not limited to recovery of damages to the tractor and trailer themselves. It also seeks cleanup costs, cargo loss, towing costs, and loss of income and profits. Defendant's motion does not specifically address the issue of standing as to any of these requested damages

Next, defendant contends that the court should enter summary judgment on the negligence *per se* claim because plaintiff has failed to identify any statutes/ordinances upon which the claim is based. Without identification of such statutes/ordinances, defendant maintains that plaintiff cannot establish that a statute/ordinance was violated by its driver.

In response, plaintiff asserts that it pled in its complaint that defendant's driver failed to devote full time and attention, which is found at 47 O.S. 2021 § 11-901b.[6] Plaintiff also asserts that it pled defendant's driver failed to stay in his lane of travel and committed other violations, thereby giving defendant notice of the statutes violated.

Upon review, the court finds that defendant is not entitled to summary judgment on the negligence *per se* claim. Plaintiff has identified at least one statute, 47 O.S. 2011§ 11-901b, which it contends defendant's driver violated.

For the reasons stated, the court concludes defendant's motion for summary judgment, on the ground of lack of standing to recover property damages and on the ground of failure to identify statutes/ordinances allegedly violated by its driver for the negligence *per se* claim, should be denied.

---

[6] Section 11-901b provides in pertinent part:

> The operator of every vehicle, while driving, shall devote their full time and attention to such driving.

V.

*Conclusion*

Accordingly, Plaintiff CTC, Inc.'s Motion for Partial Summary Judgment Against Defendant Schneider National Carriers, Inc., filed November 1, 2021 (doc. no. 35), is **DENIED**. Defendant Schneider National Carriers, Inc.'s Motion for Summary Judgment, filed November 1, 2021 (doc. no. 36), is also **DENIED**.

IT IS SO ORDERED this 7th day of December, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1235p011.docx